**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANO LARA-SANCHEZ, | No. 23-996 |
| Petitioner, | Agency No. A200-198-898 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2024**
Pasadena, California

Before: PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Aniano (Nano) Lara-Sanchez is a 46-year-old native and citizen of Mexico,

who entered the United States in 1998. Lara-Sanchez petitions for review of a

decision of the Board of Immigration Appeals ("BIA"), dismissing his appeal from

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the order of an immigration judge ("IJ") denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

When the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and "also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). We review legal questions de novo and factual findings for substantial evidence. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021). "Whether a group constitutes a 'particular social group' [("PSG")] is a question of law." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

1. The IJ and BIA did not err in finding the proposed "returning resident" PSG not cognizable. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (finding the proposed PSG "returning Mexicans from the United States" not cognizable). The evidence does not compel the conclusion that Lara-Sanchez has a well-founded fear of persecution because he was never harmed while living in Mexico, the robbery his brother experienced in 2018 at the hands of unknown perpetrators for unknown reasons is not "sufficiently connected to [Lara-Sanchez] personally to justify a well-founded fear of persecution," *Mgoian v. I.N.S.*, 184 F.3d 1029, 1036 (9th Cir. 1999), and Lara-Sanchez's other family members in

2

Mexico have not been harmed. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021). Thus, the evidence also does not compel the conclusion that Lara-Sanchez meets the higher "clear probability" standard for withholding of removal. *Id.*

2. The evidence also does not compel the conclusion that Lara-Sanchez will "more likely than not . . . be tortured if returned to" Mexico. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020). Because Lara-Sanchez does not know who robbed his brother, he has not established that his fear of similar treatment would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official." *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003) (quoting 8 C.F.R. § 208.18(a)(1)).

**PETITION DENIED.**